**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-01854-CMA

LARRY IVAN BEHRENDS,
    SSN:XXX-XX-2396,

    Debtor.

JOLI A. LOFSTEDT, as Chapter 7 Trustee for the bankruptcy estate of Larry Ivan Behrends,

    Plaintiff,

v.

VICKIE L. OLETSKI-BEHRENDS, and
21st CENTURY FINANCIAL SERVICES, LLC,

    Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION FOR WITHDRAWAL OF REFERENCE**

---

    Before the Court is a Motion for Withdrawal of Reference filed by Vickie Oletski Behrends (Behrends), the defendant in Bankruptcy Court Adversary Proceeding No. 14-137-SBB. (Doc. # 2.) The Adversary Proceeding Plaintiff, Joli A. Lofstedt, opposes the instant Motion. (Doc. # 4.) Ms. Lofstedt is the Chapter 7 trustee ("the Trustee") for the bankruptcy estate of Larry Ivan Behrends ("Debtor"), and the Adversary Proceeding seeks to recover assets for that estate. Ms. Behrends is the Debtor's spouse.

As described in greater detail below, in addition to her Motion being untimely, Ms. Behrends has waived her rights to withdraw the reference from the Bankruptcy Court. Accordingly, the instant Motion is denied.

## I. BACKGROUND

On July 19, 2013, Larry Ivan Behrends (Debtor), filed a petition for bankruptcy relief pursuant to Chapter 7 of Title 11 of the United States Code (the Bankruptcy Code), in the United States Bankruptcy Court for the District of Colorado. The Bankruptcy Court has been administering the Debtor's Bankruptcy Case and the Bankruptcy Estate since that time. On July 17, 2014, the Trustee filed her Complaint and named Ms. Behrends and 21st Century Financial Services, LLC (21st Century) as Defendants. (Doc. # 2-2.) The Complaint alleges, *inter alia*, that Debtor made various prepetition transfers to Ms. Behrends and also that he purposefully titled material assets in her name. The Complaint asserts nine claims for relief, including several "non-core" claims. (*Id.* at 3.)

Ms. Behrends was served with the Complaint on July 18, 2014, and filed her Answer and Affirmative Defenses on August 18, 2014; no Answer was filed by 21st Century. (Doc. # 5-3 at 2.) Ms. Behrend's Answer admitted the Trustee's allegations as to jurisdiction and venue. (*Id.* at 2.) On November 11, 2014, Trustee and Ms. Behrends filed their Joint Rule 7026 Report to the Bankruptcy Court, which specifically stated that "The parties have agreed that the Bankruptcy Court may enter final judgment with respect to the claims asserted in this matter." (Doc. # 5-4 at 1). On November 20, 2014, the Bankruptcy Court entered its "Order and Notice of Trial Related Deadlines

2

Pursuant to Fed. R. Bankr. P. 7016." This Order provided case deadlines, including for discovery cutoff and dispositive motions (April 15, 2015), witnesses and exhibits (May 8, 2015), and a pretrial statement (May 22, 2015). (Doc. # 5-5 at 2-4.) It also set the pretrial conference for June 9, 2015. (*Id.* at 4.) On July 24, 2015, Ms. Behrends and the Trustee filed an Amended Joint Pretrial Statement, indicating in the "Stipulated and Uncontested Facts" section that "This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b)." (Doc. # 2-1 at 3.) Just four days later, on July 28, 2015, Ms. Behrends filed the instant Motion for Withdrawal of Reference. (Doc. # 2.)

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 157 and D.C. COLO.LCivR 84.1(a), bankruptcy cases (including adversary proceedings) are automatically referred to the Bankruptcy Court for the District of Colorado. 28 U.S.C. § 157(d) provides that a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on **timely** motion of any party, **for cause shown**." (Emphasis added).[1] In determining whether cause for withdrawal exists, courts consider the goals of promoting uniformity in bankruptcy administration, the prevention of forum shopping, judicial economy, conserving debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial. *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co.*, et al. (*In re Centrix Fin. LLC*), No. 09-cv-01542-PAB-CBS, 2011 WL 63505, at

---

[1] The second sentence of 28 U.S.C. § 157(d), which does not apply here, provides that the district court "must" withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 of the United States Code and other sources of federal law.

*4-6 (D. Colo. Jan. 7, 2011).  Ms. Behrends asserts both that her Motion was timely filed and that cause exists to withdraw the reference of the Adversary Proceeding because, in filing the instant Motion, she "has withdrawn her consent to adjudication by a Bankruptcy Judge of the non-core counts prior to this matter being set for trial."[2]  (Doc. # 2 at 3.)  The Court addresses each of Ms. Behrends' contentions in turn.

Ms. Behrends' sole argument that the instant Motion was timely is that she filed it "before any trial date has been set in this matter."  (Doc. # 2 at 20.)  The Trustee argues that a Motion filed more than a year after the Complaint was served, months after most of the relevant pretrial deadlines have passed (including the discovery and dispositive motions deadlines), and weeks after the parties have already submitted their pretrial order and witness and exhibit lists, cannot be considered "timely" for purposes of 28 U.S.C. § 157(d).  The Court agrees.

Although the word "timely" is not explicitly defined in the statute, Senator DeConcini, a sponsor of the bill, stated that the timeliness requirement was "intended to avoid unnecessary delays and costs" and that the "withdrawal provision should not be allowed to be used by any party for the purpose of delay."  *In re Baldwin-United Corp.*, 57 B.R. 751, 753 (S.D. Ohio 1985) (quoting 130 Cong. Rec. S7621, 154 (daily ed. June 19, 1984))).  Moreover, in listing the factors that he believed were appropriate for the district court to consider in deciding such a motion, Senator DeConcini mentioned the status of the bankruptcy proceedings.  *Id.*  The Tenth Circuit has not had occasion to

---

[2] Notably, Ms. Behrends does not argue that withdrawal of reference is warranted because she is entitled to a jury trial on her claims.  (*See generally* Doc. # 2.)

4

consider the timeliness issue,[3] but other federal courts appear to be in general agreement that a motion for withdrawal should be considered to be "timely" under 28 U.S.C. § 157(d) only if it was filed "as promptly as possible in light of the developments in the bankruptcy proceeding," or, more simply, if it was filed "at the first reasonable opportunity." *United States v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) (citing *In re Baldwin–United Corp.*, 57 B.R. 751, 753–54 (S.D. Ohio 1985); *In re Giorgio*, 50 B.R. 327, 328 (D.R.I. 1985)). Timeliness is determined based on a review of the facts of the specific case. *Baldwin-United*, 57 B.R. at 753. "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." *In re Commercial Fin. Servs., Inc.*, No. 98-05162-R, 2003 WL 22927208, at *3 (Bankr. N.D. Okla. Apr. 25, 2003). As one court has noted, once a case becomes subject to withdrawal, "a party has a plain duty to act diligently—or else, to forever hold his [or her] peace." *Giorgio*, 50 B.R. at 329.

Rather than acting diligently and filing her Motion "as promptly as possible" or "at the first reasonable opportunity," Ms. Behrends failed to act in a timely manner in the instant case. Not only was the basis for Ms. Behrends' purported cause to withdraw the Adversary Proceeding – namely, that it involves both "core" Title 11 claims and "non-core" claims – known to her upon receipt of the Complaint, **over a year before she filed the instant Motion**, Ms. Behrends also waited until the parties had completed all

---

[3] In *Nielsen v. Miller*, 125 F. App'x 227, 229 (10th Cir. 2005), the Tenth Circuit held – without explanation regarding the "timeliness" of significantly less-lengthy delays – that "a motion for withdrawal filed eighteen years after bankruptcy proceedings are instituted-especially when those bankruptcy proceedings are on the 'brink of closure'-is not timely" for purposes of 28 U.S.C. § 157(d).

pretrial tasks and even exchanged their exhibit and witness lists, before filing it. A motion this late in the game smacks of forum shopping or, at the very least, stalling, and certainly cannot be considered "timely." *See In re Commercial Fin. Servs., Inc.*, 2003 WL 22927208, at *4 ("More than nine months have passed between the time Defendant was summoned by this Court and the time Defendant sought withdrawal of the reference. It is beyond the ken of this Court to understand how the Motion to Withdraw could be considered timely.") Additionally, far from providing any sort of justification or explanation for this delay, Ms. Behrends' Reply in Support of the instant Motion utterly ignores the timeliness issue. (*See generally* Doc. # 5.)

However, even assuming, *arguendo*, that Ms. Behrends' Motion was timely, Ms. Behrends has also effectively waived her rights to withdraw the reference of the Adversary Proceeding. Ms. Behrends argues that cause exists for withdrawal because (1) the Adversary Proceeding involves "multiple state law claims against the defendants that are traditionally treated as non-core matters," over which the Bankruptcy Court does not have constitutional authority to enter final orders and judgment; and (2) Ms. Behrends has not consented to the entry of final orders or judgment by the Bankruptcy Court. (Doc. # 2 at 5.) The Court is not persuaded.

Bankruptcy courts have statutory authority to enter final orders and judgments in "core proceedings." *See* 28 U.S.C. § 157(b)(1) ("[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. . . and may enter appropriate orders and judgments"); *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1172 (10th Cir. 2000) ("bankruptcy courts have

plenary jurisdiction over 'core' bankruptcy proceedings"). Additionally, 28 U.S.C. § 157(c)(2) provides that, with the parties' consent, a bankruptcy judge can issue orders and judgment in non-core proceedings.

In this case, Ms. Behrends' Answer both admitted that particular claims were non-core and also that the Bankruptcy Court had jurisdiction over the parties and the subject matter of the proceeding. (Doc. # 5-3 at 2.) This constituted effective consent to the Bankruptcy Court's jurisdiction. *See In re Bellingham Ins. Agency, Inc.,* 702 F.3d 553, 568–69 (9th Cir. 2011) (noting that Fed. R. Bankr. P. 7008 and 7012 require a statement in both a complaint and responsive pleading as to whether the matter is core, and if non-core, whether "the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge," and that acquiescence to the bankruptcy judge's authority is considered express consent permitting authority over non-core matters); *see also Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1293 (10th Cir. 1980) (where an answer fails to deny jurisdictional allegations, the allegations are properly deemed admitted). Additionally, the parties' Joint Rule 7026 Report specifically stated that "The parties have agreed that the Bankruptcy Court may enter final judgment with respect to **the claims** asserted in this matter" – making no distinction whatsoever between the core and non-core claims. (Doc. # 5-4 at 1) (emphasis added). Indeed, merely four days before filing this Motion, Ms. Behrends and the Trustee filed an Amended Joint Pretrial Statement, and indicated in the section of "Stipulated and Uncontested Facts" that the Bankruptcy Court "has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28

U.S.C. § 1334(b)."  (Doc. # 2-1 at 3.)  Such admissions constitute consent to the Bankruptcy Court's entry of final judgment with respect to the non-core claims.  *See In re Kingston,* 2012 WL 632398, at *3 (Bankr. D. Idaho 2012) ("Even if the Court did not have constitutional power to enter a final judgment as to any of the claims raised by the parties in this adversary proceeding, the parties, in their submissions, have expressly consented to the Court's entry of such judgments.").

Moreover, Ms. Behrends' own conduct demonstrated her consent to the Bankruptcy Court's authority in this Adversary Proceeding.  "[C]onsent under [28 U.S.C. § ] 157(c)(2) . . . may be implied from a timely failure to object to the Bankruptcy Court's jurisdiction; or it may be implied from any act which indicates a willingness to have the Bankruptcy Court determine a claim or interest."  *In re Kaiser Steel Corp.*, 95 B.R. 782, 788 (Bankr. D. Colo. 1989).  The record in the instant case shows that after the Complaint was filed on July 17, 2014, Ms. Behrends spent approximately 11 months defending herself under the authority of the Bankruptcy Court without any sort of complaint, that she filed an Amended Joint Pretrial Statement as well as witness and exhibit lists for trial, and that she apparently even failed to raise the question of the Bankruptcy Court's authority at the pretrial conference – even when the Bankruptcy Court indicated that it would be setting a trial date forthwith in a separate order.  Such a course of conduct is sufficient to support a finding that Ms. Behrends waived her right to bring such a challenge.  *See In re High Performance Real Estate, Inc.*, No. 13-CV-0663-WJM-MJW, 2013 WL 3216142, at *3 (D. Colo. June 25, 2013) (finding consent to bankruptcy court's authority where defendants proceeded under the authority of the

Bankruptcy Court without complaint for 17 months, filed witness and exhibit lists for trial, and raised the question of the Bankruptcy Court's authority only at the pretrial conference); *Mercury Companies, Inc. v. FNF Sec. Acquisition, Inc.*, 460 B.R. 778, 782 (D. Colo. 2011) (finding implied consent to Bankruptcy Court's authority to enter final orders and judgment where the defendants waited 19 months to challenge that authority, and meanwhile filed witness and exhibit lists, expert disclosures, deposition notices, dispositive motions, and a motion *in limine*).

### III.  CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion for Withdrawal of Reference (Doc. # 2) is DENIED, as it was both untimely **and** because she has consented to the jurisdiction of the Bankruptcy Court and, thus, effectively waived her right to withdraw the reference from the Bankruptcy Court to this Court.  As such, it is ORDERED that this case is hereby DISMISSED.

DATED:  October 30, 2015

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge